IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EDWARD STALEY,                    :
                                  :
          Plaintiff               :
                                  :
     VS.                          :
                                  :
Sergeant RIVERS, *et al.*,        :     NO. 5:05-CV-174(WDO)
                                  :
          Defendants              :     **O R D E R**

Filed at_____
DATE_____
_____
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

Plaintiff **EDWARD STALEY**, an inmate at Macon State Prison ("MSP") in Oglethorpe,

Georgia, has filed a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff also seeks leave to

proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. §

1915(a) (Tab # 3). For purposes of dismissal only, leave to proceed *in forma pauperis* is hereby

granted, and this matter is now before the Court for 28 U.S.C. § 1915(e)(2) frivolity review.

*I. BACKGROUND*

On May 23, 2005, plaintiff, along with fifty other MSP inmates, submitted to a urine drug-

screen test pursuant to prison officials' orders. According to plaintiff, defendant Sergeant Rivers

tampered with plaintiff's urine sample, causing it to test positive for THC (the active ingredient in

marijuana). Plaintiff insists that he witnessed Sergeant Rivers switch plaintiff's "test strip," the

indicator that is dipped in the urine and then later read for results, with another inmate's test strip.[1]

---

[1]    Plaintiff surmises that Sergeant Rivers switched the strips because (1) plaintiff is white and
Sergeant Rivers is black; (2) plaintiff wanted to visit the law library the morning of the drug tests; (3)
plaintiff periodically uses a walker for his Multiple Sclerosis; or (4) Sergeant Rivers acted in
"harassment/retaliation."

Plaintiff asserts that it is simply not possible that he tested positive, claiming that he has never used any drugs. Plaintiff requested a retest, using both urine and blood, but no such test has been provided. Following his positive test result for THC, plaintiff was immediately placed in administrative segregation. Approximately two to three weeks later, plaintiff received a disciplinary hearing. At said hearing, plaintiff was found guilty of drug use and was penalized with 14 days isolation, 90 days store restriction, and 60 days extension of plaintiff's tentative parole month.

Plaintiff files this action seeking "emergency/immediate" injunctive relief in the form of another drug test as well as enhanced drug testing procedures, to ensure reliability of results.

## II. DISCUSSION

The Court notes that plaintiff has not exhausted his administrative remedies under the prison grievance system prior to submitting his lawsuit in this Court, as he is required to do under 42 U.S.C. § 1997e(a). Section 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (exhaustion is required whether the plaintiff seeks monetary damages, declaratory and injunctive relief, or both).

The Eleventh Circuit Court of Appeals has explained that "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000). Before filing a section 1983 complaint in Court, a prisoner must have filed an administrative grievance and received a ruling on the grievance. *Id.* at 1207. Prisoners must not simply initiate grievances, they

2

must also appeal any denial of relief through all levels of administrative review that comprise the administrative grievance process. *See Booth*, 532 U.S. at 740; *Moore v. Smith*, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under section 1997e). The exhaustion requirement is mandatory and cannot be waived even when the grievance process is futile or inadequate. *Alexander v Hawk*, 158 F.3d 1321, 1325-26 (11th Cir. 1998);[2] *see also Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000).

In his complaint, plaintiff acknowledges that at the time he filed his complaint, he had not yet received a response to his grievance. In fact, plaintiff filed the instant complaint within days of his May 23, 2005 drug test. Moreover, documents attached to plaintiff's June 2 submission to this Court reflect that plaintiff's informal grievance of May 23 was "just rejected." To exhaust his administrative remedies, plaintiff would have to appeal this adverse grievance decision. *See Booth*, 532 U.S. at 740; *Moore*, 18 F. Supp. 2d at1362.

Plaintiff's assertion that the prison "grievance system is a joke, farce, sham which might as

---

[2]       The Eleventh Circuit has identified seven policy reasons underlying the exhaustion requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

*Alexander*, 159 F.3d at 1327.

3

well be non-existent," lacks merit. As noted above, the Eleventh Circuit Court of Appeals has held that an inmate is not excused from filing a grievance by the perceived futility of the grievance procedure.

Lastly, there is no basis for plaintiff's assertion that he is excused from exhausting administrative remedies because he seeks emergency relief.

Because plaintiff has not timely and completely exhausted his administrative remedies with regard to his claims prior to initiating this lawsuit, he fails to state a claim upon which relief can be granted. Accordingly, plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE**, pursuant to section 1997e, for failure to exhaust administrative remedies.[3]

   **SO ORDERED**, this _20th_ day of September, 2005.

                                             WILBUR D. OWENS, JR.
                                             UNITED STATES DISTRICT JUDGE

WDO/cr

---

   [3]   A number of pending motions are listed on the docket (Tab #s 5, 7, 10, 13, 14, and 15). This action having been dismissed, plaintiff's pending motions are hereby **DENIED** as moot.

4